**JUDAH S. SHAPIRO, ESQ.**
**630 THIRD AVENUE**
**NEW YORK, NEW YORK 10017**
**(212) 953-6633**

**Attorneys for Plaintiffs**
**AMB Medical Services, P.C.**
**Alan M. Bigman**

**'11 CIV 9400**

**JUDGE RAMOS**

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Alan M. Bigman**<br>**AMB Medical Services, P.C.**<br><br>        **Plaintiffs,**<br><br>   **vs.**<br><br>**Carrier Clinic, Inc.**<br><br>        **Defendant.** | **Case No.**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [LANHAM ACT §32(1)]**<br>(2) **FEDERAL UNFAIR COMPETITION [LANHAM ACT §43(A)]**<br>(3) **FEDERAL TRADEMARK DILUTION [LANHAM ACT §43(C)]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Alan Bigman and AMB Medical Services, P.C. (collectively, "AMB Medical Services"), by and through their undersigned attorneys, for their complaint against the Defendant, Carrier Clinic, Inc. (herein, "Defendant" or "Carrier Clinic") allege as follows:

1

## PRELIMINARY STATEMENT

1.  AMB Medical Services is a healthcare provider providing high quality services in various medical fields.  Plaintiffs collectively are the owners of trademark registration number 2,494304, giving them sole and exclusive rights to use this trademark.

2.  Among other things, AMB Medical Services owns, and identifies its services using, an established and well known trademark, **HEALTH, HEALING, HOPE** ("HHH Trademark").

3.  This mark has been firmly established with the public through significant efforts and a substantial investment of time and money by plaintiffs.

4.  In direct violation of this mark, defendant Carrier Clinic, also a medical service provider has recently, through active promotional advertisement in New York, New Jersey and elsewhere, violated AMB's rights to its firmly established and well known mark by utilizing a strikingly similar and infringement mark, namely, Hope, Health, Healing.

5.  The obvious overlap of defendant's moniker and plaintiff's established, registered and actively promoted trademark, has and will cause public confusion and constitutes an infringement of plaintiffs' trademark rights.

6.  Despite this, defendant willfully continues to violate plaintiffs' rights and has ignored AMB's reasonable demands for Carrier Clinic to cease and desist

2

its unlawful actions.

7.     Defendant's overt refusal and ongoing unlawful violation of plaintiffs' established trademark compels the bringing of this action and establishes the need for judicial relief.

## NATURE OF ACTION

8.     Plaintiffs bring this action for trademark infringement, unfair competition, trademark dilution, false advertising and other relief arising under the trademark laws of the United States, specifically 15 U.S.C. §1051 *et seq.* (the "Lanham Act").

## PLAINTIFFS

9.     Plaintiff Alan M. Bigman is the sole shareholder of AMB Medical Services, P.C. as well as a licensed and practicing physician.  Dr. Bigman resides at 304 Harbor Cove, Piermont, NY 10968 within the Southern District of New York.

10.     Dr. Bigman is the owner of the trademark at issue in this case, US Registration No. 2,494,304 and AMB Medical Services, P.C. has sole and exclusive rights to use this trademark.

11.     AMB provides high quality medical services in a broad range of specialties.

12. Among other things, AMB owns and identifies its services using an established and well known trademark, **HEALTH, HEALING, HOPE** ("HHH Trademark").

13. Plaintiff, AMB Medical Services, P.C., is an "S" Corporation organized and existing under the laws of New York with a principal place of business located at 66-55 Fresh Pond Road, Ridgewood, NY 11385.

14. Plaintiff, AMB Medical Services, P.C., operates several offices wherein it provides medical services to the public, in particular, one office in Hauppauge, NY, and two offices in Ridgewood, NY.

## DEFENDANT

15. Upon information and belief, Defendant Carrier Clinic is a corporation organized and existing under the laws of New Jersey with its principal place of business located at 252 County Road, Rte 601, Belle Mead, NJ 08502.

16. Upon information and belief, Defendant advertises, promotes, and provides medical services to patients throughout the United States, including New York and New Jersey that infringe AMB's established and well known HHH Trademark.

4

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 because AMB's claims arise under the trademark laws of the United States.

18. This Court has personal jurisdiction over the Defendant. Upon information and belief, defendant transacts business in the State of New York York. Defendant, among other things, advertises in the State of New York using its infringing Health, Healing Hope mark.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the acts complained of herein occurred in this judicial district, and each party is subject to personal jurisdiction in the Southern District of New York.

## HHH TRADEMARK

20. For many years, AMB has consistently identified its services through the use of a registered, distinctive, established and well known HHH trademark (the "HHH" mark) that it prominently displays on all its facilities, and substantially all of its advertisements, and literature.

21. AMB has used its HHH mark prominently and continuously since 1998 as an indication of the source of medical services.

22. During this thirteen year period, AMB has committed large amounts

5

of time, effort and money to developing a widely respected reputation as one of the premier providers of medical services in the United States, including patients and doctors, for example, from New York and New Jersey.

23.    AMB continues to commit large amounts of time, effort and money to promote its medical clinics and the HHH trademark and, building upon its established reputation and trademark, may develop additional facilities in the future.

24.    AMB's established and well known and highly recognizable HHH mark, as presented in AMB's U.S. Trademark Registration No. 2,494,304, is shown below:

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

United States Patent and Trademark Office

Reg. No. 2,494,304
Registered Oct. 2, 2001

SERVICE MARK
PRINCIPAL REGISTER

HEALTH, HEALING, HOPE

BIGMAN, ALAN (UNITED STATES CITIZEN)
6 BLUESKY DRIVE
SUFFERN, NY 10901

FOR: MEDICAL SERVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 8-1-1998; IN COMMERCE 8-1-1998.

SER. NO. 76-130,009, FILED 9-18-2000.

RONALD MCMORROW, EXAMINING ATTORNEY

6

## THE STRENGTH OF
## THE HHH MARK

25.    Since at least as early as August 1, 1998, and long prior to any use of a similar mark by Defendant, AMB has been continuously and exclusively using the HHH mark on all its facilities and literature advertising its services that AMB has provided to patients.

26.    Through AMB's extensive use, advertising and promotion of the HHH mark, the public easily recognizes that medical services bearing the HHH mark have emanated from AMB and are of high quality.

27.    AMB obtained its registration of the HHH mark on October 02, 2001, as Registration No. 2,494,304, for use of the HHH mark for medical services in International Class 42. The date of first use of the mark was at least as early as August, 1998.

28.    Thus the mark has been firmly established by its long term continued use, AMB's ongoing investment and development of the mark, the people's familiarity and identification of the mark, as well as AMB's registration of the mark giving third-parties notice of its usage in the marketplace.

29.    AMB's registrations are in full force and effect and have become incontestable pursuant to 15 U.S.C. §1065.

30.    For over twelve years, AMB has widely used on its facilities and

advertised and promoted its HHH mark in numerous and diverse advertising media, including print, television and the Internet in order to promote the strength and renown of the HHH mark. AMB's advertisements and promotions virtually always bear the HHH mark, indicating AMB as the source of these high-quality medical services.

31.    One very important method by which AMB advertises and promotes the HHH mark is through its use of the mark on the front of all of its facilities since 1998, as well as marketing literature, letterheads, etc.

32.    AMB has achieved a high level of commercial success in selling services bearing its HHH mark, and has built a valuable reputation and substantial goodwill, with which the HHH mark has become synonymous.

33.    Indeed, the distinctive HHH mark has become an established and well known mark and is entitled to the utmost protection, and AMB is entitled to immediate injunctive relief against any unauthorized use.

34.    AMB has reasonably relied upon the strength of its registered mark and the legal rights provided by state and federal trademark law. AMB thus continues to invest its money and efforts to develop and promote its services and reputation using the "HHH" trademark. AMB has and shall continue to make all reasonable efforts to protect its trademark rights.

## DEFENDANT'S INFRINGEMENT

35.    Defendant has recently begun to use the mark HOPE, HELP AND HEALING to advertise and promote its medical services throughout the United States, including within the State of New York, utilizing a mark that infringes upon AMB's established and well known HHH mark.

36.    In particular, Defendant is advertising and promoting their medical services bearing a mark that infringes AMB's established and well known HHH mark via the Internet.

37.    Defendant has advertised its medical services in competition with AMB's services bearing the HHH mark and is attempting to "pass off" its services as services that emanate from AMB. .

38.    Defendant's first use of the infringing mark to advertise its medical services occurred about twelve years after AMB's first use of the HHH mark.

39.    One example of Defendant's infringing use is shown below:



9

40.   A second example of Defendant's infringing use is shown below:



41.   Upon information and belief, Defendant has engaged in intentional infringement by advertising and promoting its medical services to include a mark that is **confusingly similar** to AMB's established and well known HHH.

42.   Defendant's advertising and promotion of its medical services using HOPE, HELP and HEALING is likely to cause confusion, mistake and deception among purchasers such that purchasers of Defendant's medical services are likely to be confused as to the existence of an association, connection or relationship between AMB and the Defendant.

43.   Upon information and belief, Defendant has acted with full knowledge of AMB's prior ownership and use of AMB's registered trademarks, and without AMB's authorization or consent.

44.     Defendant has continued to act willfully and in bad faith even though it was put on full notice of its infringement by Plaintiff.

45.     In addition to the mark's use and registration, defendant, with full knowledge and in bad faith refused to cease and desist using the mark despite reasonable and specific demands made by Plaintiff. Despite such notice and clear and reasonable demands, defendant continues to use the confusing and infringing mark.

46.     Defendant has acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade upon the substantial and valuable goodwill encompassed in AMB's HHH mark in order to capitalize on AMB's highly respected reputation for providing high-quality medical services.

47.     Further, upon information and belief, Defendant continues to advertise and promote its medical services using a mark almost identical to AMB's HHH mark.

48.     AMB is in need of injunctive relief to bring an end to the irreparable harm caused by the advertising and promotion of the Defendant's medical services using a mark that infringes on AMB's established and well known HHH mark. Without an injunction, Defendant will undoubtedly continue to sell its services

11

using the infringing mark and cause additional confusion in the marketplace and further dilute the distinctiveness of AMB's HHH mark.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT

49.    AMB repeats and realleges each and every allegation contained in paragraphs 1- 48 of the Complaint as though fully set forth herein.

50.    By the acts and omissions set forth above, Defendant has infringed and continues to infringe AMB's rights regarding AMB's federal trademark registration, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Defendant's conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with AMB's ability to use its mark to indicate a single quality controlled source of services.

51.    AMB has suffered, is suffering, and will continue to suffer irreparable injury for which AMB has no adequate remedy at law.

52.    AMB is therefore entitled to a permanent injunction against further infringing conduct by Defendant.

53.    Defendant has profited and continues to profit from such infringement, and AMB has been and is being damaged by such infringement. AMB is therefore entitled to recover damages from Defendant in an amount to be proved at trial as a consequence of Defendant's infringing activities.

54. AMB has firmly established its rights in the trademark and has invested substantial time, effort and money to successfully promote the mark and AMB's identity with the mark with the public.

55. Defendant's aforesaid infringing conduct has been willful, wanton and malicious and done with intent to deceive.

56. AMB is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a). AMB is also entitled to, among other things, the cost of corrective advertising.

## SECOND CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION

57. AMB repeats and realleges each and every allegation contained in paragraphs 1-56 of the Complaint as though fully set forth herein.

58. Defendant's acts as alleged herein also constitute false designation of origin, unfair competition and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

59. AMB is informed and believes, and based thereon alleges, that Defendant will continue to violate AMB's trademark rights unless enjoined from doing so.

60. Indeed, defendant has been put on full notice of its infringing conduct and has specifically and willfully refused to make any efforts to curtail or cease

13

from its infringing actions.

61.    AMB has been and continues to be irreparably injured as a result of Defendant's infringement, and has no adequate remedy at law.  AMB is therefore entitled to a permanent injunction against further infringing conduct by Defendant.

62.    Defendant has profited and are profiting from such infringement, and AMB has been and is being damaged by such infringement.  AMB is therefore entitled to recover damages from Defendant in an amount to be proved at trial as a consequence of Defendant's infringing activities.

63.    Defendant's aforesaid wrongful conduct has been willful, wanton and malicious and done with intent to deceive.  AMB is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).  AMB is also entitled to, among other things, the cost of corrective advertising.

## THIRD CLAIM FOR RELIEF
## FEDERAL TRADEMARK DILUTION

64.    AMB repeats and realleges each and every allegation contained in paragraphs 1-63 of the Complaint as though fully set forth herein.

65.    As a result of AMB's long-term, continuous, and extensive use and promotion of the HHH mark for over twelve years, which is, and was prior to Defendant's misconduct alleged herein, distinctive and well known in New York

14

and the United States, enjoying substantial recognition, goodwill, and association with AMB.

66. The public distinguishes AMB's services from those of others on the basis of the HHH mark. The HHH mark has gained significant public recognition and is eligible for protection against dilution pursuant to 15 U.S.C. § 1125(c).

67. Defendant's use of the HHH mark as alleged herein is likely to dilute the strength and value of the HHH mark, and Defendant's conduct has eroded and will continue to erode the extent to which the HHH mark is associated with AMB, all to the commercial detriment of AMB.

68. Defendant's use of the HHH mark in the unfair and wrongful manner alleged herein is likely to tarnish and/or otherwise degrade the value of the HHH mark, to the commercial detriment of AMB.

69. Defendant's dilution of the distinctive quality of the HHH mark has caused, and if not enjoined will continue to cause, irreparable harm to AMB. AMB therefore is entitled to injunctive relief.

70. Defendant's aforesaid wrongful conduct has been willful, wanton and malicious and done with intent. AMB is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1125(c) and 15 U.S.C. § 1117(a). AMB is also entitled to, among other things, the cost of corrective advertising.

15

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully demands judgment that:

71.    Defendant and its officers, agents, servants, distributors, affiliates, employees, attorneys and representatives, and all those in privity or acting in concert with Defendant or on its behalf, be preliminarily and permanently enjoined and restrained from, directly or indirectly:

(a)    Using the AMB's HHH mark, any other AMB mark, or any other mark similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the sale, advertising, marketing and promotion of any medical services;

(b)    Using in any other way any other mark or designation so similar to AMB's trademark as to be likely to cause confusion, mistake or deception;

(c)    Falsely designating the origin, sponsorship, or affiliation of the Defendant's services;

(d)    Otherwise competing unfairly with AMB in any manner;

(e)    Using any words, names, styles, designs, titles or marks that create a likelihood of injury to the business reputation of AMB or a likelihood of dilution of AMB' HHH mark and the goodwill associated therewith;

16

(f)    Using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure AMB's business and goodwill pertaining thereto; and

(g)    Continuing to perform in any manner whatsoever any of the acts complained of in this complaint.

72.    That Defendant be ordered to pay to AMB the compensatory damages sustained by AMB in consequence of the unlawful acts alleged herein, and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts as alleged herein.

73.    That Defendant be ordered to pay AMB punitive damages as a consequence of the willful and wonton acts alleged herein.

74.    That Defendant be required to account for and pay over to AMB all gains, profits and advantages derived by them from the unlawful activities alleged herein, and/or as a result of unjust enrichment.

75.    That Defendant be required to deliver up for destruction all services, including, but not limited to, all stationery, signs, advertisements, brochures, promotional materials, labels, stickers and any other written materials that bear the aforesaid infringing HHH, together with all plates, molds, matrices and other means and materials for making or reproducing the same.

76.    That Defendant be required to pay to AMB all of their litigation

17

expenses, including, but not limited to, reasonable attorney's fees and the costs of this action.

77.  That Defendant pays AMB's costs of corrective advertising.

78.  That AMB be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

AMB hereby affirms its demand for a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court.

Dated:  New York, New York
         December 14, 2011

Respectfully submitted,

**JUDAH S. SHAPIRO, ESQ.**
Attorney for Plaintiffs
Alan Bigman and AMB Medical Services, P.C.
630 Third Avenue
New York, New York 10017
(212) 953-6633
151 North Main Street, 4th Floor
New City, New York 10956
(845) 634-8000

18

## VERIFICATION

ALAN BIGMAN, being duly sworn hereby states:

I am the President of AMB Medical Services, P.C.; and a plaintiff in the action herein. I have read the annexed Verified Complaint and know the contents thereof, and the same are true to my knowledge, except to me as stated therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

Sworn to before me this
_14_ day of December, 2011

Notary Public

Joseph V. Fabbzio
Notary Public, State of New York
No. 4713088
Qualified in Nassau County
Commission Expires February 28, 2015

19