**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| Alan M. Bigman | : | CIVIL ACTION NO.: 11-CV-9400 (ER) |
| AMB Medical Services, P.C. | : | |
|  | : | ECF Case |
| Plaintiffs, | : | |
|  | : | |
| v. | : | **ANSWER** |
|  | : | |
| Carrier Clinic, Inc. | : | |
|  | : | |
| Defendant. | : | |
|  | : | |

Defendant, Carrier Clinic, Inc., by its attorneys, Drinker Biddle & Reath LLP, for its answer to the Complaint says:

1.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Paragraph 8 is a conclusion of law to which no response is required.

9.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint.

10.      Defendant is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 10 of the Complaint.

11.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Complaint.

12.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint.

13.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint.

14.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint.

15.    Defendant admits the allegations contained in paragraph 15 of the Complaint.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.    Paragraph 17 is a conclusion of law to which no response is required.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint, except admits defendant's business advertises in New York.

19.    Paragraph 19 is a conclusion of law to which no response is required.

20.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Complaint.

21.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of the Complaint.

22.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of the Complaint.

23.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 is a conclusion of law to which no response is required.

25. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Complaint, except denies that plaintiff's use is exclusive.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 is a conclusion of law to which no response is required.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Paragraph 29 is a conclusion of law to which no response is required.

30. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 of the Complaint.

31. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 of the Complaint.

32. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint, except admits that it uses the mark HOPE, HELP AND HEALING.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**

49.     Defendant repeats and reiterates its answers to the allegations contained in paragraphs 1 through 48 as if the same were set forth at length herein.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION**

57.     Defendant repeats and reiterates its answers to the allegations contained in paragraphs 1 through 56 as if the same were set forth at length herein.

4

58.     Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60      Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint.

<strong><u>THIRD CLAIM FOR RELIEF</u></strong><br><strong><u>FEDERAL TRADEMARK DILUTION</u></strong>

64.     Defendant repeats and reiterates its answers to the allegations contained in paragraphs 1 through 63 as if the same were set forth at length herein.

65.     Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in paragraph 70 of the Complaint.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

Without admitting that it bears the burden of production or persuasion as to any of the following, Answering Defendant states the following affirmative defenses to the Complaint.

<strong><u>FIRST AFFIRMATIVE DEFENSE</u></strong>

As and for a first, separate and affirmative defense, Answering Defendant alleges that the Complaint and each claim for relief set forth therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As and for a second, separate and affirmative defense, Answering Defendant alleges that the Complaint and each claim for relief set forth therein is barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

As and for a third, separate and affirmative defense, Answering Defendant alleges that the Complaint and each claim for relief set forth therein is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

As and for a fourth, separate and affirmative defense, Answering Defendant alleges that the claims set forth in Plaintiff's Complaint are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

As and for a fifth, separate and affirmative defense, Answering Defendant alleges that the purported trademark relied upon by Plaintiffs is generic, or otherwise fails to function as a source identifier, and may not be relied upon as such.

## SIXTH AFFIRMATIVE DEFENSE

As and for an sixth, separate and affirmative defense, Answering Defendant alleges that the registration for the purported trademark relied upon by Plaintiffs is not valid and is subject to cancellation.

## SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh, separate and affirmative defense, Answering Defendant alleges that the purported trademark relied upon by Plaintiffs is descriptive and that Plaintiff cannot establish secondary meaning in the trademark.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth, separate and affirmative defense, Answering Defendant alleges that Plaintiff cannot establish the fame of its purported trademark within the meaning of Section 43(c) of the Lanham Act.

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth, separate and affirmative defense, Answering Defendant alleges that Plaintiff's claims are barred by the absence of any likelihood of confusion as to source with respect to the trademarks and services at issue.

### TENTH AFFIRMATIVE DEFENSE

As and for a tenth, separate and affirmative defense, Answering Defendant alleges that Plaintiff's claims are barred because its attempted overbroad enforcement of purported trademark rights constitutes an attempted unlawful restraint of trade and/or a violation of antitrust laws of the United States and the State of New York.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh, separate and affirmative defense, Answering Defendant alleges that Plaintiff's claims and/or request for relief are barred or limited by reason of the fact that Plaintiff and Defendant are not competitors and the services at issue are not competing services.

### TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth, separate and affirmative defense, Answering Defendant alleges that Plaintiff's claims and/or request for relief are barred to the extent that Plaintiff alleges intentional or willful conduct, insofar as Answering Defendant avers that it acted at all times in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth, separate and affirmative defense, Answering Defendant alleges that Plaintiff is not entitled to injunctive relief because, if Plaintiff is entitled to relief at all, Plaintiff has an adequate remedy at law and a balancing of the hardship weighs against granting injunctive relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth, separate and affirmative defense, Answering Defendant alleges that Plaintiff's claims are barred in whole or part by Plaintiff's failure to enforce its purported trademark against other similarly-situated third parties engaging in comparable use.

**WHEREFORE**, defendant Carrier Clinic, Inc. demands judgment dismissing the Complaint and awarding defendant costs and attorneys' fees as provided by law and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
January 19, 2012

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: */s/ Robert M. Leonard*
ROBERT M. LEONARD
robert.leonard@dbr.com
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
Tel. (212) 248-3140
Fax (212) 248-3141

Attorneys for Defendant
Carrier Clinic, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| Alan M. Bigman | : | CIVIL ACTION NO.: 11-CV-9400 (ER) |
| AMB Medical Services, P.C. | : | |
| | : | ECF Case |
| Plaintiffs, | : | |
| | : | |
| v. | : | **CERTIFICATE OF SERVICE** |
| | : | |
| Carrier Clinic, Inc. | : | |
| | : | |
| Defendant. | : | |
| | : | |

I, Robert M. Leonard, hereby certify that on this 19th day of January 2012, I caused a true and correct copy of the foregoing **Answer** to be served via this Court's Case Management/Electronic Case Filing System upon:

> Judah S. Shapiro, Esq.
> 630 Third Avenue
> New York, NY 10017
> Tel. 212-953-6633
> Attorney for Plaintiffs
> Alan M. Bigman and
> AMB Medical Services, P.C.

        */s/ Robert M. Leonard*
        Robert M. Leonard